IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAGNANDAN S. GARCHA, M.D., )
)
Plaintiff, )
)
v. ) No. 04 C 4470
)
ILLINOIS DEPARTMENT OF HUMAN )
SERVICES, MICHAEL CWYNAR, M.D., )
and MARY ZUKOWSKI, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jagnandan Garcha, M.D., is employed by defendant Illinois Department of Human Services ("IDHS") as a staff psychiatrist at the Chicago-Read Mental Health Center. Plaintiff is Asian and was born in India. In 2004, plaintiff was suspended for 20 days based on having threatened defendant Michael Cwynar, M.D., following a March 31, 2004 staff meeting. Also named as a defendant is Mary Zukowski. Cwynar is a Chicago-Read staff psychiatrist and Zukowski is a clinical nurse supervisor. When an internal investigation was conducted, both Cwynar and Zukowski provided statements supporting that plaintiff had threatened Cwynar. Cwynar and Zukowski are both White and were born in the United States. Chicago-Read hospital

administrator Elaine Novak, who is not named as a defendant and who is White and born in the United States, made the decision to suspend plaintiff.

Plaintiff alleges that he was suspended as a result of racial and national origin discrimination.  Count One is a claim against IDHS under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.  Count Two names all three defendants and is based on sections 1981 and 1983 of Title 42.  As to Cwynar and Zukowski, it is stated that they treated plaintiff differently than White employees.  In response to defendants' summary judgment motion, plaintiff concedes that the Eleventh Amendment bars any § 1983 claim against IDHS itself, which is a state agency.  Count Three is a state law defamation claim against all three defendants.

Presently pending is defendants' motion for summary judgment.  Defendants contend there is no sufficient evidence supporting a discriminatory animus and that plaintiff has not identified any constitutional right that Cwynar and Zukowski violated.  Defendants do not challenge the merits of Count Three, only contending that it should be dismissed for lack of subject matter jurisdiction if the federal claims are dismissed.  See 28 U.S.C. § 1367(c)(3).

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the

nonmovant and all factual disputes resolved in favor of the nonmovant. Eiencorp, Inc. v. Rocky Mountain Radar, Inc., 398 F.3d 962, 965 (7th Cir. 2005); Estate of Moreland v. Dieter, 395 F.3d 747, 758 (7th Cir.), cert. denied, 125 S. Ct. 2915 (2005); Hall v. Bennett, 379 F.3d 462, 464 (7th Cir. 2004); Hudson v. Chicago Transit Authority, 375 F.3d 552, 558 (7th Cir. 2004). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Binz v. Brandt Construction Co., 301 F.3d 529, 532 (7th Cir. 2002); Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988);

Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the

> record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

Plaintiff concedes that he does not have any direct evidence of discrimination. Therefore, he must rely on the indirect method of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. Under the McDonnell Douglas framework, a prima facie case of employment discrimination creates a rebuttable presumption that the employer's actions, if unexplained, were the result of impermissible factors and shifts the burden of production to the employer to articulate some legitimate, nondiscriminatory reason for its actions. If the employer satisfies that burden, the plaintiff must then show that these articulated reasons are pretextual. Davis v. Con-Way Transportation Central Express, Inc., 368 F.3d 776, 784 (7th Cir. 2004). Plaintiff may establish a prima facie case of discrimination by showing "(1) he was a member of a protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) other similarly situated employees who were not members of his protected class were treated more favorably." Id. For purposes of summary judgment, defendants concede that

plaintiff can satisfy the first three elements of his prima facie case. Defendants contend he cannot satisfy the fourth element.

The burden is on plaintiff to establish that other similarly situated employees were treated more favorably. Haywood v. Lucent Technologies, Inc., 323 F.3d 524, 530 (7th Cir. 2003); Hardy v. Potter, 2005 WL 2035614 *4 (N.D. Ill. Aug. 22, 2005).

> [I]n disciplinary cases--in which a plaintiff claims that he was disciplined by his employer more harshly than a similarly situated employee based on some prohibited reason--a plaintiff must show that he is similarly situated with respect to performance, qualifications, and conduct. This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.

Lucas v. Chicago Transit Authority, 367 F.3d 714, 733 (7th Cir. 2004) (quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)).

Plaintiff does not provide any evidence sufficiently supporting that similarly situated non-Asian or non-Indian employees were treated more favorably. Plaintiff provides the interrogatory answers of another Asian Chicago-Read employee, Abraham Babu, who complained that Zukowski and Novak discriminatorily disciplined him. Babu asserts in an interrogatory answer that Zukowski never disciplined any of her White employees who were late. Even ignoring the conclusory

nature of these assertions and that such statements are not shown to be based on Babu's personal knowledge, those employees would not be similarly situated to plaintiff. Most importantly, Novak, not Zukowski, made the decision to discipline plaintiff. Additionally, being late is not an infraction similar to plaintiff's alleged misconduct of threatening another employee.

Plaintiff also points to his own interrogatory answer number 12. When asked to identify other similarly situated employees who were treated more favorably, plaintiff responded:

> All other non-minority psychiatric staff. For example Dr. Randy Thompson, bullied and mistreated minority staff but was not disciplined in any way. Dr. James Brunner mistreated minority staff but was not disciplined in any way. No complaints by minority staff against Dr. Brunner, Dr. Thompson, Elaine Novak, or Nancy Zukowski ever resulted in any disciplinary action against them.

Plaintiff provides nothing to establish that these assertions are based on personal knowledge. Therefore, this does not constitute admissible evidence. In any event, these assertions are too conclusory to show that the other employees were similarly situated to plaintiff. Lucas, 367 F.2d at 726; Drake v. Minnesota Mining & Manufacturing Co., 134 F.3d 878, 887 (7th Cir. 1998).

Since plaintiff does not make out the fourth element of his prima facie case, he cannot succeed on the Title VII and § 1981 claims against IDHS that he was disciplined because of racial and national origin discrimination. These claims will be

dismissed, as well as the § 1983 claim that is barred by the Eleventh Amendment.

The complaint is unclear as to exactly what claim is brought against Cwynar and Zukowski. Since they were neither plaintiff's employer nor one of his superiors, they cannot be directly responsible for the discipline that was imposed. In response to summary judgment, plaintiff also fails to articulate the alleged legal basis for the individuals' liability. The federal claims against them will be dismissed as well.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [16] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice except that plaintiff's supplemental state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 27, 2005